Craton LIDDELL, et al., Plaintiffs,

v.

The BOARD OF EDUCATION OF the CITY OF ST. LOUIS, MO., et al., Defendants.

No. 72–100 C (5).

United States District Court,
E.D. Missouri, E.D.

June 27, 1991.

As Amended July 2, 1991.

See also 771 F.Supp. 1496, and 771 F.Supp. 1503.

William P. Russell, Joseph McDuffie, St. Louis, Mo., for Liddell, plaintiffs.

Michael A. Middleton, Columbia, Mo., William L. Taylor, Washington, D.C., Wayne C. Harvey, Caldwell Harvey Hughes McHugh & Singleton, St. Louis, Mo., for Caldwell/NAACP, plaintiffs.

Kenneth C. Brostron, Lashly & Baer, St. Louis, Mo., for City Bd., defendants.

Michael J. Fields, Bart A. Matanic, Asst. Missouri Attys. Gen., Jefferson City, Mo., John J. Lynch, Asst. Missouri Atty. Gen., St. Louis, Mo., David R. Boyd, Sutherland, Susman, Shermer, Rimmel & Shifrin, Asbill & Brennan, Washington, D.C., for State of Mo., defendants.

Andrew J. Minardi, Joseph D. Ferry, St. Louis, Mo., for St. Louis County, defendants.

Shulamith Simon, Husch Eppenberger Donohue Cornfeld & Jenkins (court-appointed), St. Louis, Mo., amicus curiae.

Craig M. Crenshaw, Jr., Jeremiah Glassman, U.S. Dept. of Justice, Civ. Rights Div., Washington, D.C., for U.S.

James J. Wilson, St. Louis City Counselor, St. Louis, Mo., for City of St. Louis.

Anthony J. Sestric, Sestric & Cipolla, St. Louis, Mo., for St. Louis Collector of Revenue.

Charles Werner, St. Louis, Mo., for Missouri NEA.

Charles R. Oldham, Louis Gilden, St. Louis, Mo., for St. Louis Teachers Local Union 420.

Henry D. Menghini, Robert J. Krehbiel, Evans & Dixon, St. Louis, Mo., for St. Louis County School Districts—Affton & Lindbergh.

Darold E. Crotzer, Jr., St. Louis, Mo., for Bayless, Jennings, Normandy & Wellston.

Bertram W. Tremayne, Jr., Tremayne Lay Carr Bauer & Nouss, St. Louis, Mo., for Kirkwood & University City.

Frank Susman, Susman Shermer Rimmel & Shifrin, St. Louis, Mo., for Ferguson–Florissant.

George J. Bude, St. Louis, Mo., for Brentwood, Clayton & Hancock Place.

Robert P. Baine, Jr., St. Louis, Mo., for Hazelwood.

Robert G. McClintock, St. Louis, Mo., for Ladue.

Richard H. Ulrich, Summers Compton Wells & Hamburg, St. Louis, Mo., for Maplewood–Richmond Heights.

John Gianoulakis, Kohn Shands Elbert Gianoulakis & Giljum, St. Louis, Mo., for Mehlville, Pattonville & Ritenour.

Donald J. Stohr, James W. Erwin and R.J. Robertson, Thompson & Mitchell, St. Louis, Mo., for Parkway.

Douglas A. Copeland, Robert W. Copeland, Copeland Gertner & Thompson, St. Louis, Mo., for Webster Groves.

Thomas Tueth, Audrey Fleissig, Ian Cooper, Peper Martin Jensen Maichel & Hetlage, St. Louis, Mo., for St. Louis County Special & Rockwood.

Kenneth V. Byrne, Schlueter & Byrne, St. Louis, Mo., for Valley Park.

Dr. Robert Bartman, Com'r, Mo. Dept. of Elementary & Secondary Educ., Jefferson City, Mo., for Mo. Dept. of Elementary & Secondary Educ.

Edward J. Murphy, Jr., Garry K. Seltzer, St. Louis, Mo., for Riverview Gardens.

## MEMORANDUM

LIMBAUGH, District Judge.

This matter is before the Court on the Budget Review Committee's (BRC) Report on Proposed 1990–91 Magnet Plan Budget Amendments. L(3418)91. The State and the City Board have filed responses. L(3443)91 and L(3444)91, respectively. The City Board has also filed a reply to the State's response. L(3458)91.

The BRC Chairperson reports complete BRC agreement as to certain regular annual adjustments but failure to come to agreement over certain start-up costs. There are five areas of dispute which total $111,915. The disputes focus once again upon computers and the identification of an item as an "enriched resource".

■ Before resolving these fiscal disputes, the Court will attempt again to clarify its stance on the question of appropriate enriched resources for any given magnet. "Enriched resources" are those items, not already identified in the Magnet Plan, that are necessary to fully implement the particularized magnet program. *See* Order L(2757)90, pp. 2–3. Enriched resources are not simply additional staff, supplies or equipment which would make classroom instruction easier. Any item can easily be labeled "enriched resource" but to qualify for desegregated funding under the Magnet Plan, the item must withstand close scrutiny as to its absolute need in order to carry out a specific magnet program.

Classroom computers appear to be a recurring problematic theme. The State is correct in its assertion that the Magnet Plan requires only a computer lab in every magnet. L(2090)88, p. 39. The Court incorporated L(1585)87 only to the extent of magnet themes, programs, and feeder patterns. L(2090)88, p. 25. Additional computers (classroom or another lab) could be viewed as an enriched resource under the appropriate circumstances. Metro High School is a case-in-point. Last year the Court approved a second computer lab for Metro because it agreed with evaluators that a need for additional computer access for students existed. "It appears that the need for additional computers is directly generated by Metro's curriculum and that need will be even greater by City Board's upgrading the graduation requirements to include four (4) years of math." L(3182)90, p. 9. There must be a strong identifiable link between the specific magnet focus and the need for additional computers (other than the single lab mandated in the Magnet Plan).

A word of advice to the City Board. Computers are fast becoming standardized classroom educational tools. Sooner or later classroom computers will be the norm and necessary for everyday regular classroom instruction. Someday soon the City Board will alone be fiscally responsible for equipping its schools. It had better start preparing for that day now.

The BRC, the State, and the City Board have fully briefed their positions. After careful consideration of all pertinent materials, the Court makes the following determinations:

*Busch—Function 1135* (Dispute: $42,126)

The City Board requests equipment for a second science lab. It has the room available and believes that the scheduling of classes creates a need for two classrooms and two labs. The State argues that neither enrollment nor AAA standards require a second science lab.

■ The BRC Chairperson believes a second science lab is desirable because a room is available and a second lab would enhance the present science curriculum. The Court agrees that a second science lab would enhance any science curriculum, however Busch's magnet focus is academics plus a superior athletic program. Its magnet focus does not generate the need for a second science lab. Meeting AAA requirements is sufficient. Anything beyond this is left to the City Board alone to fund. If a second science lab is so desirable, the Court suggests the City Board equip it from its own funds.

*Busch—Function 1137* (Dispute: $4,788)

■ The City Board wants funds to purchase a computerized keyboard for vocal music instruction. It chose the Busch AAA magnet as a test site for this new equipment. The City Board believes the computerized keyboard will enhance instruction for chord progression, music notation, and pitch recognition. The State objects because AAA standards do not require this piece of equipment and furthermore questions the relationship of this piece of equipment to the magnet theme.

For the reasons stated above regarding the second science lab, the Court denies this request.

*Enright—Function 1132*
(Dispute: $30,585)

*Washington—Function 1112*
(Dispute: $10,950)

*Wilkinson—Function 1112*
(Dispute: $23,466)

■ All three of these disputes concern the City Board's desire for classroom computers. The City Board's argument rests on two points: 1) The Magnet Plan, L(2090)88, provides that magnet schools shall have classroom computers; and 2) classroom computers serve as an enriched resource because they enhance academic instruction. The State argues that the Magnet Plan does not provide for classroom computers and that "enhancement" is *not* a justifiable reason for surpassing AAA guidelines. (emphasis added).

As previously stated, the Magnet Plan only provides for a computer lab in every magnet. Classroom computers may be desegregation-funded if the City Board can thoroughly document them as an "enriched resource". An enriched resource is an additional resource "necessitated by the particularized area of focus of each magnet". L(2757)90. Of the three cited magnets, only Enright meets the standard.

Washington and Wilkinson do not have the type of magnet focus which requires additional computer access in order to implement the program. Computer labs are

sufficient.[1] Enright, however, provides an accelerated advanced instructional program for gifted students. Its needs are similar to the Metro High School (into which it feeds). A single computer lab does not adequately meet students' need of more exposure to computers in order to keep up with the advanced curriculum.

The Court approves classroom computers at Enright in the total amount of $30,585 and denies the City Board's request for classroom computers in Washington and Wilkinson.

In summary, the Court approves the agreed-upon regular annual budget adjustments of $662,497 and the additional magnet start-up costs of $30,585 for classroom computers at Enright.

The Court approves an amended 1990–91 Magnet Plan Budget totalling $45,497,461. The State shall continue payments as originally ordered in L(3182)90. Any fiscal adjustments necessitated by this order shall be made in the year-end account reconciliation. The payment shares shall continue to be calculated pursuant to the unified funding formula and principles of agreement approved in L(2996)90. Finally, the agreed-upon deduction of $682,808 from categorical aid for special education programs at magnet schools will be considered part of the State's payment for this budget.

---

1. The Court reserves comment as to how the City Board managed to have both classroom computers and a computer lab at Washington, under the Magnet Plan, without court approval.